IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE R. AVERILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 12-599-GMS | |
| | ) | |
| THOMAS F. CELELLO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Wayne R. Averill ("Averill"), an inmate at the James T. Vaughn

Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on May 14, 2012, pursuant to

42 U.S.C. § 1983.[1] (D.I. 3.) He also raises supplemental State law claims. Averill appears *pro*

*se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.

7.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and

§ 1915A.[2]

**I. BACKGROUND**

Averill was housed at the Howard R. Young Correctional Institution ("HRYCI"),

Wilmington, Delaware and had a testicular condition that required surgery. The defendant Dr.

Christina Jones ("Dr. Jones"), an employee of the defendant Correctional Medical Services, Inc.

("CMS"), signed an order for Averill's surgery and, on May 18, 2010, he was transported to the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Averill moves to amend his complaint to retitle the case because he does not have the current address of one of the defendants. (D.I. 9.) There is no need to amend the complaint and, therefore, the court will deny as moot the motion to amend.

Foulk Eye Care Center where hydrocele[3] surgery was performed by the defendant Dr. Francis J. Schanne ("Dr. Schanne"). Averill questioned why the surgery was performed at an eye care center and was told that many hydrocele surgeries were performed there and that he was in good hands.

From May 16 to May 26, 2010, Averill was housed in the HRYCI infirmary to recover from the procedure. The defendants Dr. Thomas F. Celello and Dr. Jones were the head and supervising physicians for CMS.[4] Dr. Celello and Dr. Jones monitored Averill's vital signs. Averill alleges that they both disregarded his excessively high blood pressure readings and elevated temperature readings. Averill alleges that on May 26, 2010, Dr. Jones discharged him into general population despite an elevated temperature, a doubled heart rate, extremely high blood pressure, swollen testicles the size of grapefruits, bruising from the knees to belly button, and nurse entries that his condition was worsening.

The next day, Averill was transferred to the VCC. During receiving, Averill explained his conditions to two correctional officers. They saw his condition, asked the defendant nurse Robert Davenport ("Davenport") to check Averill, told Davenport that Averill needed to go to the infirmary, and asked Davenport to examine him. Davenport refused to check Averill and said the infirmary was full. The correctional officers spoke to an unknown person and indicated that Averill needed to be in the infirmary, but Davenport insisted that Averill be sent to his assigned

---

[3]Hydrocele is defined as a pathological accumulation of serous fluid in a bodily cavity, especially in the scrotal pouch. *The American Heritage Stedman's Medical Dictionary* 378 (2d ed. 2004).

[4]The court takes judicial notice of an obituary notice in the Delaware News Journal of July 10, 2012, that Dr. Celello died on July 6, 2012, at his home in Wilmington, Delaware. *See Ieradi v. Mylan Laborities, Inc.*, 230 F.3d 594 n. 2 (3d Cir. 2000).

housing. In addition, Davenport spoke to the defendant Dr. Dale Rogers ("Dr. Rogers") who indicated that Averill should be sent to his housing assignment.

Averill made constant complaints regarding his condition to no avail. On June 2, 2010, Averill spoke to Sgt. Boise ("Sgt. Boise") about his condition who arranged for Averill to see Dr. Louis Desrosiers ("Dr. Desrosiers") who provided him medical treatment. On June 18, 2010, Averill was taken to the offices of the defendant Urologic Surgical Associates of Delaware ("Urologic Surgical"). On June 24, 2010, Averill underwent a second surgery at St. Francis Hospital in Wilmington, Delaware, again performed by Dr. Schanne. During post-operative follow-up, Dr. Schanne told Averill that he wanted to remove the damaged testicle.

Averill alleges that his sex drive has decreased, he is incontinent, and has constant pain. He seeks compensatory damages and injunctive relief

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Averill proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Averill leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*

4

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a

claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,

but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine

whether the facts alleged in the complaint are sufficient to show that Averill has a "plausible

claim for relief."[5] *Id.* at 211. In other words, the complaint must do more than allege Averill's

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556

U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Averill names as defendants Victor Jackson ("Jackson"), Correct Care Solutions

("CCS"), Carl Danberg ("Danberg"), Michael Deloy ("Deloy"), and Perry Phelps ("Phelps").

The complaint, however, contains no allegations directed to these defendants and it appears that

most of them are sued based upon their supervisory positions. In addition, the court takes

judicial notice that CCS was not the medical care provider for the Delaware Department of

Correction ("DOC") during the time-frame of the allegations. CCS became the medical services

provider for DOC institutions on July 1, 2010.

---

[5]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Averill provides no specific facts of any of the foregoing defendants' personal involvement required to state a claim for violations of his constitutional rights. Nor does the complaint contain facts that any defendant expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. For the above reasons, the court will dismiss all claims against Jackson, CCS, Danberg, Deloy, and Phelps as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Medical Negligence**

Averill raises medical negligence claims. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the

alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Averill alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). His failure to do so, dooms his state medical negligence claims. *See, e.g., Washington v. Grace*, 445 F. App'x 611, 616 (3d Cir. 2011) (not published).

In addition, to the extent that Averill raises § 1983 claims against Dr. Schanne and Urologic Surgical, they will be dismissed as they are not state actors. *See West v. Atkins*, 487 U.S. at 48. To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.*, 487 U.S. at 49. The complaint alleges that Dr. Schanne is employed as a surgeon at Urologic Surgical, an outside medical provider to whom Averill was sent to receive medical care. The facts, as alleged, indicate that neither of these two defendants are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). The § 1983 claims against them have no arguable basis in law or in fact and, therefore will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## C. Request for Counsel

Averill requests counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex, he has limited access to

the law library and limited knowledge of the law, a trial will likely involve conflicting testimony and counsel will better enable him to present evidence and cross-examine witnesses, and he has made repeated efforts to obtain a lawyer. (D.I. 5.)

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

To date, Averill has ably represent himself. In addition, this case is in its early stages and

service has not yet taken place. Notably, should the need for counsel arise later, one can be appointed at that time. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Accordingly, Averill's request for counsel will be denied without prejudice to renew. (D.I. 5.)

## IV. CONCLUSION

For the above reasons, the court will deny without prejudice to renew the plaintiff's request for counsel and will deny as moot the motion to amend. (D.I. 5, 9) In addition, the court will dismiss the defendants Victor Jackson, Correct Care Solutions, Dr. Francis J. Schanne, Urologic Surgical Associates of Delaware, Carl Danberg, Michael Deloy, and Perry Phelps, and all medical negligence claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The plaintiff will be allowed to proceed against the defendants Dr. Celello, Dr. Christina Jones, Robert Davenport, Dr. Dale Rogers, and Correctional Medical Services.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

3, 2012

Wilmington, Delaware