IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE R. AVERILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-599-GMS |
| | ) |
| THOMAS F. CELELLO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Wayne R. Averill ("Averill"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on May 14, 2012, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Averill appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court reviewed and screened the complaint pursuant to 28 U.S.C. § 1915 and § 1915A, dismissed several defendants, and allowed Averill to proceed against certain medical defendants. Prior to service of the complaint, Averill filed an amended complaint (D.I. 19).[2] The court proceeds to review and screen the amended complaint (D.I. 19).

**I. BACKGROUND**

Paragraphs one through thirty-nine of the statement of claim in the amended complaint, with few exceptions, are identical to the original complaint. Those facts are set forth in the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The amended complaint was improperly docketed as a motion to amend. *See* Fed. R. Civ. P. 15(a). The court previously determined that plaintiff's earlier motion to amend/correct the case caption was unnecessary. (*See* D.I. 9, 11.)

court's September 6, 2012 memorandum will not be repeated except to note that Averill underwent surgery in May 2010, was housed in the Howard R. Young Correctional Institution ("HYRCI") infirmary from May 16 to May 26, 2010, when he was released into general population and transferred the next day to the VCC. (*See* D.I. 11.)

The amended complaint reinstates all dismissed defendants with the exception of Victor Jackson and adds new defendants Jim Welch ("Welch"), David Pierce ("Pierce"), John Brennan, and Dr. Dean Sieger ("Dr. Sieger"). Paragraphs forty through sixty-eight speak to Averill's quest for medical attention subsequent to July 1, 2010, when Correct Care Solutions ("CCS") became the general healthcare provider for the Delaware Department of Correction ("DOC"). Averill continued with complaints of pain and sought treatment for MERSA (i.e., methicillin-resistant staphylococcus aureus). Averill's medical grievances were upheld and he was seen by the defendant medical director Dr. Sieger to discuss his medical issues, but Dr. Sieger did nothing for the pain.

Averill seeks compensatory damages and injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Averill proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Averill leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Averill has a "plausible claim for relief."[3] *Id.* at 211. In other words, the amended complaint must do more than allege Averill's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Averill names as defendants Carl Danberg ("Danberg"), Michael Deloy ("Deloy"), and Perry Phelps ("Phelps"), Welch, Pierce, and Brennan. The amended complaint, however, contains no allegations directed to these defendants and it appears that they are sued based upon their supervisory positions.

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Averill provides no specific facts of any of the foregoing defendants' personal involvement required to state a claim for violations of his constitutional rights. Nor does the amended complaint contain facts that any defendant expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. For the above reasons, the court will dismiss all claims against Danberg, Deloy, Phelps, Welch, Pierce, and Brennan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Medical Negligence

To the extent that Averill again raises medical negligence claims, the claims fail. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony

5

detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Averill alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). His failure to do so, dooms his state medical negligence claims. *See, e.g., Washington v. Grace*, 445 F. App'x 611, 616 (3d Cir. 2011) (unpublished).

In addition, to the extent that Averill again raises § 1983 claims against Dr. Schanne and Urologic Surgical, they will be dismissed as they are not state actors. *See West v. Atkins*, 487 U.S. at 48. To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.*, 487 U.S. at 49. The amended complaint alleges that Dr. Schanne is employed as a surgeon at Urologic Surgical, an outside medical provider to whom Averill was sent to receive medical care. The facts, as alleged, indicate that neither of these two defendants are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). The § 1983 claims against them have no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### C. Request for Counsel

Averill requests counsel on the grounds that his claim has survived initial screening, he has ADD (i.e., attention deficit disorder), has had a traumatic brain injury, a low IQ, is indigent

and unable to afford counsel, and the complexity and difficulty of the case may involve conflicting testimony of multiple witnesses. (D.I. 17.)

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

To date, as evidenced by his very thorough complaint and amended complaint, Averill has ably represent himself. As previously noted, this case is in its early stages and service has not yet taken place. Should the need for counsel arise later, one can be appointed at that time. Upon consideration of the record, the court is not persuaded that appointment of counsel is

---

[4]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

warranted at this time. Accordingly, Averill's request for counsel will be denied without prejudice to renew. (D.I. 17.)

## IV. CONCLUSION

For the above reasons, the court will deny without prejudice to renew the plaintiff's second request for counsel. (D.I. 17.) In addition, the court will dismiss the defendants Dr. Francis J. Schanne, Urologic Surgical Associates of Delaware, Carl Danberg, Michael Deloy, Perry Phelps, Jim Welch, David Pierce, and John Brennan, and all medical negligence claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The plaintiff has alleged what appear to be cognizable medical needs claims against the defendants Dr. Celello, Dr. Christina Jones, Robert Davenport, Dr. Dale Rogers, Correctional Medical Services, Correct Care Services, and Dr. Dean Sieger, and he will be allowed to proceed against them.

An appropriate order will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

May 6, 2013
Wilmington, Delaware

8