IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE R. AVERILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-599-GMS |
| | ) |
| DR. CHRISTINA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** The plaintiff, Wayne R. Averill ("Averill"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on May 14, 2012, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Averill appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court reviewed and screened the second amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A, dismissed several defendants, and allowed Averill to proceed with medical needs claims against certain medical defendants. (D.I. 26, 27.) Medical negligence claims were dismissed as frivolous and on the grounds that Averill failed to submit an affidavit of merit as to each defendant as required by Delaware law. Averill now moves to convene a medical negligence review panel (D.I. 28) and requests a physical examination (D.I. 29).

2. **Motion to Convene Medical Negligence Review Panel.** Plaintiff asks the court to convene a medical negligence/malpractice review panel as proscribed under 18 Del. C. § 6814 on the grounds that he does not have the ability to pay for medical expert witnesses who will support

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

his claims; § 6814 provides that a medical negligence review panel shall convene upon the request of a Federal District Court Judge sitting in a civil action in the District of Delaware, he has attempted to retain counsel to no avail, and without the court's intervention his state tort medical negligence/malpractice claims are doomed.

3. Pursuant to Delaware Superior Court Civil Rule of Procedure Rule 71.2(b), "a party may file a demand to convene a malpractice review panel at any time subsequent to entry of appearance by all defendants who have been served and after a reasonable time for discovery unless otherwise stipulated to by the parties or ordered by the Court." Del. Sup. Ct. Civ. R. P. 71.2(b). Section 6853(e) of the Delaware Health Care Negligence Insurance and Litigation Act provides in pertinent part:

> No liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury or death, except that such expert medical testimony shall not be required if a medical negligence review panel has found negligence to have occurred and to have caused the alleged personal injury or death and the opinion of such panel is admitted into evidence. . . .

18 Del. C. § 6853(e). The Delaware Superior Court reads § 6853(e) and Rule 71.2 together, and is satisfied that, where a timely demand to convene a medical malpractice review panel has been filed, no affidavit of merit is required under Section 6853. *See Miller v. Taylor*, 2010 WL 3386580, at *2 (Del. Super. Aug. 19, 2010).

4. Section 6814 of the Delaware Health Care Negligence Insurance and Litigation Act provides that the Delaware Insurance Commissioner shall convene a medical negligence review panel at the request of a Federal District Court Judge sitting in a civil action in the District of Delaware alleging medical negligence in the manner instructed by the said federal court, but also

2

in a manner as consistent as possible with the process of selecting such panels provided for in Superior Court actions. *See* 18 Del. C. § 6814. The caveat to this section, however, is that the Insurance Commissioner shall not convene any such panels at the request of any such federal court "unless provisions are made for the payment of the compensation and expenses of such panelists and the compensation and expenses of all witnesses called by such panel out of the funds other than those of the General Fund of the State." *Id.*

5. The court lacks authority to appoint a medical review panel for Plaintiff at the public's expense. *See e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits."). Nor has Averill, who has been granted in forma pauperis status, indicated that he has the financial means for compensation and expenses of the medical review panel. Indeed, Averill is quite clear that he does not have the ability to pay for medical expert witnesses. Therefore, the Court will deny without prejudice the motion to convene a medical negligence review panel. The Court will reconsider the request upon a showing by Averill of his financial ability to pay the compensation and expenses of the medical review panel.

6. **Physical Examination**. Averill asks the court to order a physical examination by medical personnel. (D.I. 29.) Federal Rule Civil Procedure 35, which provides for physical and mental examinations, does not vest the court with authority to appoint an expert to examine a

3

party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party. In addition, Averill does not indicate who will bear the cost for the proposed examination. Regardless, no civil litigant, even an indigent one, has a legal right to such aid. *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished). Therefore, the court will deny the motion.

7. **Conclusion**. For the above reasons, the Court will deny the motions. (D.I. 28, 29.) An appropriate Order follows.

_Feb 4_, 2014
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE