IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE R. AVERILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-599-GMS |
| | ) |
| DR. CHRISTINA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

### AMENDED MEMORANDUM ORDER*

At Wilmington, this 26th day of Jan , 2016, having considered the pending motions (D.I. 101, 106, 119.)

### I. MOTION FOR LEAVE TO AMEND

The plaintiff, Wayne R. Averill ("Averill") moves to amend the second amended complaint (D.I. 24) to include the names of previously unknown Doe Defendants, include previously unknown information, and raise new claims against the current Delaware Department of Correction medical contractor. (D.I. 101.) The defendants oppose the motion.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

---

*The order is amended by deleting the following sentences that were found on page five of the original order at D.I. 125. "In addition, the plaintiff seeks additional time to file an amended complaint. (D.I. 14.) The plaintiff's motion will be granted."

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

The second amended complaint was filed on September 23, 2013. (D.I. 24.) On June 23, 2015, the court entered a scheduling order with a deadline of August 24, 2015 to file amended pleadings. (*See* D.I. 98.) Averill, however, did not file his motion for leave to amend until October 13, 2015, almost two months after the deadline had passed.

In addition, the proposed third amended complaint submitted by Averill adds new defendants and state law claims and consists of 562 paragraphs as compared to the 137 paragraphs of the second amended complaint. The proposed third amended complaint does not comply with the local rules of this court. Pursuant to D. Del. LR 15.1(b) when seeking to amend,

2

the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. New language is not underscored and there are no strikes through proposed deleted material. As currently pled, it is difficult for the court to discern the differences between the second amended complaint and the proposed third amended complaint. Moreover, the proposed third amended complaint, consisting of 562 paragraphs, fails to comply with Fed. R. Civ. P. 8(a)(2) which provides that the pleading contain a short and plain statement of the claims showing that the pleader is entitled to relief. Finally, Averill proposes to add new defendants for acts unrelated to the original complaint during a time-frame that took place long after the filing of the original complaint. This he may not do. Averill has available, the option of filing a new case.

For the above reasons, the court will deny the motion to amend. As noted in the December 10, 2013 order, Averill was ordered to immediately move the court for an order directing amendment of the caption of the Second Amended Complaint once he learned the identity of the CMS and CCS Doe defendants so that they may be served. (*See* D.I. 27.)

## II. REQUEST FOR COUNSEL

Averill seeks counsel on the grounds that he is unable to afford counsel, he has sought counsel to no avail, the case is complex, he has made a jury demand, his imprisonment limits his ability to investigate, there is conflicting testimony, he has no legal training, he does not understand discovery procedures, and his case has merit. (D.I. 106.) Averill has previously requested, and been denied, counsel.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.** *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Averill's request, the court concludes that the case is not so factually or legally complex that appointing an attorney is warranted. To date, the filings in this case demonstrate Averill's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Averill's request for counsel. (D.I. 106.) Should the need for counsel arise later, one can be appointed at that time.

---

**See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

### III. MOTION FOR A PROTECTIVE ORDER

The defendants Christina Jones ("Jones"), Robert Davenport ("Davenport), and Dale Rodgers ("Rodgers") (collectively "the defendants") move for a discovery protective order pursuant to Fed. R. Civ. P. 26(c) on the grounds that Averill has served interrogatories that exceed the twenty-five allowed under Fed. R. Civ. P. 33(a)(1). The defendants indicate that Averill has served 86 interrogatories on Jones, 46 interrogatories on Davenport, and 50 interrogatories on Rodgers. The defendants further indicate that they are attempting to resolve the discovery dispute with Averill.

The court will deny the motion as premature without prejudice to renew. The defendants indicate they are attempting to resolve the discovery dispute. In addition, Fed. R. Civ. P. 33(a)(1) provides that leave may be granted to serve additional interrogatories. Averill proceeds *pro se*, and it may be that he will request leave.

### IV. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The plaintiff's motion to amend is **denied**. (D.I. 101.)

2. The plaintiff's renewed request for counsel is **denied** without prejudice to renew. (D.I. 106.)

3. The defendants' motion for protective order is **denied** as premature without prejudice to renew. (D.I. 119.)

UNITED STATES DISTRICT JUDGE