IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE R. AVERILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-599-GMS |
| | ) |
| DR. CHRISTINA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 27th day of Jan, 2016, having considered the plaintiff's motion to propound excess interrogatories (D.I. 126) and letter/motion to extend deadlines and to amend (D.I. 130);

The plaintiff, Wayne R. Averill ("Averill"), who proceeds *pro se*, is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. On January 5, 2016, the court denied Averill's motion to amend the second amended complaint explaining that the motion was filed after the deadline had expired to amend pleadings, that the proposed amendment added new defendants and state law claims, did not comply with D. Del. LR 15.1(b), and failed to comply with Fed. R. Civ. P. 8(a)(2). Averill asks the court to enter a new scheduling order and again seeks to amend the second amended complaint. He also moves to propound additional interrogatories. (D.I. 126.)

Averill advises the court that he never received a copy of the June 23, 2015 scheduling order and, therefore, was unable to adhere to deadlines he had no knowledge of. Averill asks the court to enter a new scheduling order, allow him to continue with discovery, and amend his complaint to include all Jane Doe defendants for Corizon, Inc. f/k/a CMS and CCS. Averill also

seeks to amend the issue of alleged denial of medical treatment and medical deliberate indifference by CCS and its Jane/John Does, and the current medical provider who took over on July 1, 2013. Finally, Averill seeks to amend and supplement the complaint to identify Jane Does and present facts that have occurred since the time of his last amended complaint.

The court reconsiders it ruling denying Averill's request for counsel. Upon further consideration, the court finds it appropriate to encourage legal representation for Averill by an attorney in this case. Give that foregoing, the court will deny without prejudice to renew the requests made by Averill in the letter/motion (D.I. 126) and the motion to propound excessive interrogatories (D.I. 130). Once Averill has representation, the court will enter a new scheduling order.

IT IS THEREFORE ORDERED, as follows:

1. The plaintiff's motion to propound excess interrogatories (D.I. 126) is **denied** without prejudice to renew.

2. The plaintiff's letter/motion to extend deadlines (D.I. 130) is **denied** without prejudice to renew.

3. The plaintiff's motion to amend (D.I. 130) is **denied** without prejudice to renew.

IT IS FURTHER HEREBY ORDERED that:

1. The Clerk of Court is directed to attempt to refer representation of the plaintiff to a member of the Federal Civil Panel.

2. The court's Standing Order regarding the establishment of a Federal Civil Panel to provide legal representation to indigent parties in certain civil litigation is incorporated herein by reference, with the following amendment: Given the court's decision to refer this for

2

representation, a merits review is not an appropriate ground for declining representation.

    3. The matter is STAYED pending the attempt to refer representation of the plaintiff to a member of the Federal Civil Panel.

_____
UNITED STATES DISTRICT JUDGE